IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELADIA BACA HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-CV-03043-BCW |
| | ) | |
| KRISTI NOEM, Secretary, | ) | |
| U.S. Department of Homeland Security, | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Eladia Baca Hernandez's Verified Petition for Writ of Habeas Corpus. (Doc. #1). The Court, being duly advised of the premises, in consideration of the Verified Petition and the Respondents' brief (Doc. #4), grants the petition for habeas corpus relief as follows.

### BACKGROUND

On January 29, 2026, Petitioner Eladia Baca Hernandez, through counsel, filed the instant petition for writ of habeas corpus in this Court, alleging seven claims: (1) Violation of the Fifth Amendment to the U.S. Constitution – Substantive Due Process; (2) Violation of the Fifth Amendment to the U.S. Constitution – Procedural Due Process; (3) Violation of the APA, 5 U.S.C. § 706(2)(A), (B) – Contrary to Law and Constitutional Right; (4) Violation of the APA, 5 U.S.C. § 706(2)(A) – Arbitrary and Capricious Agency Action; (5) Violation of the APA, 5 U.S.C. § 706(2)(C) – In Excess of Statutory Authority; (6) Ultra Vires Action; (7) Violation of the Accardi Doctrine. (Doc. #1 at 15-22). Baca Hernandez asserts that she was re-detained by ICE without notice and an opportunity to be heard in violation of her due process rights and DHS regulations.

1

As set forth in her Verified Petition, Baca Hernandez is in the custody of the U.S. Department of Homeland Security ("DHS"), housed at the Greene County Jail in Springfield, Missouri. Baca Hernandez's petition for habeas relief names the following Respondents in their respective official capacities: (1) Kristi Noem, Secretary of DHS, who implements and enforces the Immigration and Nationality Act ("INA"), supervises Respondent Chamberlin, and who has legal custody of Baca Hernandez; (2) Christopher Chamberlin, Acting Assistant Field Office Director for the Kansas City Field Office for the Immigration and Customs Enforcement ("ICE") within DHS, who administers immigration laws and executes detention and removal determinations within the Kansas City region, and who has legal custody of Baca Hernandez; and (3) Jim C. Arnott, Greene County, Missouri Sheriff and Warden of Greene County Jail, who has authority of the facility where Baca Hernandez is detained and immediate physical custody of Baca Hernandez.

The Government does not contest the facts alleged in Baca Hernandez's verified petition. Baca Hernandez is a 51-year-old native and citizen of Honduras. She last entered the United States on July 10, 2015. She had previously tried to enter the United States in 2007 and was issued an order of removal. She remained out of the United States from 2007 until 2015, when she returned.

On July 25, 2015, DHS issued a "Notice of Intent/Decision to Reinstate Prior Order," which provided that DHS intended to reinstate the 2007 order of removal. (Doc. #4-1 at 2). Baca Hernandez alleges, and the Government does not contest, that on August 21, 2015, an asylum officer conducted a reasonable fear interview of Baca Hernandez during which Baca Hernandez established that she had a reasonable fear of return to Honduras. Thereafter, on September 2, 2015, the Government released Baca Hernandez from custody and placed her on an Order of Supervision ("OSUP"). She was then referred to the Immigration Court, where she filed her application seeking

asylum, to withhold removal, and for relief under the Convention Against Torture. That case remains pending. The next hearing was scheduled for June 28, 2027.

Since entering the United States, Baca Hernandez has remained compliant with all mandatory requirements, terms, and conditions of her OSUP. She has maintained steady and lawful employment, no criminal history, resided in Illinois with her family, and been a valued member of her community.

Pursuant to the OSUP, Baca Hernandez was "permitted to be at large" under conditions, which included that she appear upon request "for identification and for deportation or removal." Pursuant to that condition, she appeared at regularly scheduled check-in dates, during which the Government determined that no legitimate purpose would be served by Baca Hernandez's detention and removal and allowed her to remain in the United States.

During a routine check-in on December 2, 2025, the Government took Baca Hernandez into custody without notice and an opportunity to be heard as required under DHS regulations or without a warrant. She did not receive any notice that her OSUP was being rescinded before appearing at the check-in. And the arresting officers did not ask her any questions, give her any paperwork, or provide any explanation for why her release was being revoked. The Government has not provided Baca Hernandez an interview or any other administrative process during her continued detention. Nor has it provided any information regarding the reasons for her detention despite ongoing removal proceedings.

Between her prior check-in and the December 2, 2025, check-in, Baca Hernandez had not been arrested or otherwise indicated she was any greater danger to the community, given the Government any reason to believe she would be less likely to comply with her removal order, or given any new reason to revoke her OSUP or take her into custody.

The officer responsible for revoking Baca Hernandez's OSUP did not first refer the case to the ICE Executive Associate Director, as required by governing regulations. Nor did he make findings that circumstances did not reasonably permit referral to the Executive Associate Director or that the officer had been delegated authority to revoke an order of supervision. Neither the officer responsible for revoking Baca Hernandez's OSUP nor the Executive Associate Director made findings (a) that revocation was in the public interest or that Baca Hernandez is a danger to the community, or (b) that she is unlikely to comply with her order of removal.

On January 29, 2026, this Court issued an Order to Show Cause why the relief sought in Baca Hernandez's petition for habeas relief should not be granted. (Doc. #3). Respondents filed a timely response to the Order to Show Cause on February 3, 2026. (Doc. #4).

## LEGAL STANDARD

A person detained by the Government may challenge the legality of the confinement through a petition for writ of habeas corpus, including an individual challenging detention relating to immigration proceedings. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Zadvydas v. Davis, 533 U.S. 678, 687 (2003); Roble v. Bondi, 803 F. Supp. 3d 766, 770 (D. Minn. 2025). The petitioner "bears the ultimate burden of showing that his detention violates the law." Yee S. v. Bondi, -- F. Supp. 3d --, --, 2025 WL 2879479, at *4 (D. Minn. Oct. 9, 2025) (citing Copenhaver v. Bennett, 355 F.2d 417, 422 (8th Cir. 1966)). But 8 C.F.R. § 241.13(i)(2) requires Respondents "to establish that 'changed circumstances' justified the revocation of release." Id. "The regulation reflects the general principle that the burden of proof falls on the party seeking to change the present state of affairs." Phongsavanh v. Williams, -- F. Supp. 3d --, --, 2025 WL 3124032, at *2 (S.D. Iowa Nov. 7, 2025) (citing Roble, 803 F. Supp. 3d at 772-73).

## ANALYSIS

The dispositive issue for Baca Hernandez's petition is whether Respondents violated DHS regulations when ICE re-detained her and continues to detain her without notice and an opportunity to be heard.

The Government's ability to detain, release, and revoke the release of aliens subject to removal orders is governed by the INA and specific regulations. The INA provides a default 90-day removal period during which the Government must remove the alien from the United States. 8 U.S.C. § 1231(a)(1). During that 90-day period, the alien must be detained. § 1231(a)(2).

If not removed during that 90-day period, the Government generally must release the alien from detention "subject to supervision." § 1231(a)(3). Such supervision may include requirements for periodic check-ins with an immigration officer, for necessary medical examinations, to provide information about work or family, and to comply with reasonable restrictions on conduct. Zadvydas, 533 U.S. at 701.

The Government may revoke an OSUP and re-detain the alien under certain circumstances. 8 C.F.R § 241.4(*l*). The re-detention of an alien on supervised release is governed by 8 C.F.R. § 241.13(i). Phongsavanh, -- F. Supp. 3d at --, 2025 WL 3124032, at *3 (citing Kong v. United States, 62 F.4th 608, 619-20 (1st Cir. 2023)). The Government may revoke an OSUP if (1) the alien violates a condition of release; or (2) "on account of changed circumstances, the [Government] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i).

The regulation additionally outlines the procedures the Government must follow to revoke an alien's OSUP. First, the Government must provide the alien notice of the reasons for the revocation. Id. at § 241.13(i)(3). Second, the Government will conduct an initial informal interview to allow the alien an opportunity to respond to the notice and present evidence to show "there is

5

no significant likelihood he or she [will] be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." Id.

Baca Hernandez asserts that she was entitled to notice and the opportunity to be heard under 8 C.F.R. § 241.13(i) before her OSUP was revoked and is, therefore, entitled to release. Respondents argue that the Government's re-detention of Baca Hernandez is lawful and this Court lacks jurisdiction to hear Baca Hernandez's petition.

Before considering the merits of Baca Hernandez's petition, the Court first addresses Respondents' challenge to the Court's jurisdiction. Respondents argue the Court lacks jurisdiction under 8 U.S.C. § 1252(g).

### A. The Court has jurisdiction over Baca Hernandez's petition.

Respondents argue this Court lacks jurisdiction to consider Baca Hernandez's claims under 8 U.S.C. § 1252(g). Section 1252(g) provides that no court has jurisdiction under any statutory provisions (including 28 U.S.C. § 2241) "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien ... ." 8 U.S.C. § 1252(g). The Supreme Court has interpreted § 1252(g) narrowly. Dep't of Homeland Sec. v. Regents of the Univ. of Ca., 591 U.S. 1, 19 (2020).

In the matter before this Court, Baca Hernandez does not challenge the underlying order of removal. Rather, she challenges her re-detention at her December 2, 2025, check-in. The Supreme Court held in Zadvydas that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." 533 U.S. at 688. Citing Zadvydas, courts across the country have asserted jurisdiction over challenges to ICE re-detentions, including re-detentions under similar circumstances to those presented here. See

6

Hasiholan v. Zoley, No. 5:25-cv-03196 AH (DSR), 2026 WL 263645, at *3 (C.D. Cal. Jan. 30, 2026) (collecting cases). Section 1252(g) does not deprive this Court of jurisdiction.

Further, the case cited by Respondents is inapposite. In <u>Tazu v. Attorney General United States</u>, the petitioner had notice of the reasons for his re-detention (removal), had an opportunity to be heard, and had exhausted all avenues to stay in the country legally. 975 F.3d 292 (3d Cir. 2020). And the Government had all documents necessary to remove the petitioner and re-detained him to execute the removal order. <u>Id.</u> Here, the facts are distinguishable. In addition to not providing Baca Hernandez notice and an opportunity to respond, Respondents have not provided any evidence supporting that the re-detention of Baca Hernandez was to remove her or that there is a "significant likelihood that [Baca Hernandez] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i). As such, <u>Tazu</u> does not persuade the Court that it lacks jurisdiction.

> **B.     Habeas relief is appropriate because the Government did not follow its own regulations when re-detaining Baca Hernandez.**

Respondents argue the Government has the discretion to revoke Baca Hernandez's OSUP under statutory and regulatory provisions. Baca Hernandez does not challenge **whether** the Government may revoke her OSUP. Rather, she argues that the Government did not follow its own regulatory procedures when it revoked her OSUP and re-detained her and, pursuant to those regulations, she was entitled to notice and an opportunity to be heard before her re-detention. The Government does not respond to or counter Baca Hernandez's arguments and factual allegations.

Here, Baca Hernandez was re-detained without notice and without an initial informal interview, as required by 8 C.F.R. § 241.13(i)(3). Baca Hernandez asserts she is without any explanation for her re-detention. Respondents have not offered an explanation in their response to the Order to Show Cause. And the Court does not otherwise find an explanation in the record.

Respondents have not asserted that Baca Hernandez violated the conditions of her OSUP or shown evidence of changed circumstances justifying revocation of her OSUP. <u>Yee S.</u>, -- F.

7

Supp. 3d at --, 2025 WL 2879479, at *4. There is no discernable reason why Baca Hernandez was re-detained and continues to be detained.

"District courts nationwide has consistently granted habeas relief to similarly situated petitioners, even in cases where the Government provided much stronger evidence to support revocation of supervision than it did here." Phongsavanh, 2025 WL 3124032, at *4 (collecting cases). The Court sees no reason to depart from the well-reasoned analyses in those cases. Accordingly, it is hereby

ORDERED Petitioner Eladia Baca Hernandez's Verified Petition for Writ of Habeas Corpus (Doc. #1) is GRANTED. It is further

ORDERED that Respondents shall release Petitioner immediately, no later than 10:00 a.m. CT on February 5, 2026, subject to and in accordance with the conditions in her preexisting Order of Supervision dated September 2, 2015. It is further

ORDERED that, no later than 10:00 a.m. CT on February 5, 2026, counsel for Respondents shall provide a declaration pursuant to 28 U.S.C. § 1746 affirming that Petitioner was released from custody in accordance with this Order. It is further

ORDERED that Petitioner's request for attorney's fees is GRANTED. Within 10 days of the date of this Order, counsel shall file a separate and independent motion for attorney's fees, accompanied by detailed billing records supporting a reasonable fee request for time reasonably expended in preparation of the habeas corpus petition.

IT IS SO ORDERED.

Date: February 4, 2026  /s/ Brian C. Wimes
BRIAN C. WIMES, CHIEF JUDGE
UNITED STATES DISTRICT COURT